FILED
SUPERIOR COURT
OF GUAM

2021 AUG 20 PM 1: 38

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| JOSHUA PETER, ET AL, | | Superior Court Case No. <u>CV0426-18</u> |
| | Plaintiffs, | |
| vs. | | **DECISION AND ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S NINTH COUNT** |
| CYFRED, LTD, ET. AL, | | |
| | Defendants. | |

The Court here considers Plaintiffs' Motion for Partial Summary Judgment regarding its Ninth Count seeking quiet title. Upon reviewing the briefs and the supporting material, the Court GRANTS partial summary judgment in Plaintiffs' favor on that Ninth Count against Defendant Cyfred, Ltd. ("Cyfred").

## I.   UNDISPUTED FACTS AND RELEVANT PROCEDURAL FACTS

1. The Court incorporates its Undisputed Facts from its October 7, 2019 Decision and Order and its March 13, 2020 Decision and Order.

2. On February 25, 2013, Plaintiffs and Cyfred executed the Second Amended Escrow Instructions, which stated that, by March 11, 2013, Cyfred will deposit with Escrow "the documents needed to be recorded with the Department of Land Management, Office of the Recorder and/or Registrar, Government of Guam ("DLM") to cause each Homeowner's original lot ... to be owned by him 'free and clear....'" Compl. Ex. 3.

3. At the time the parties executed the Second Amended Escrow Instructions Defendant Stephanie Mendiola held the title to the fourteen lots.

ORIGINAL



4. The Court's March 13, 2020 Decision and Order held that Defendant Stephanie Mendiola intended to immediately transfer title to the fourteen lots to Cyfred when she physically delivered the Deed to the fourteen lots in April 2014 and that she retains no claim or interest in the lots.

## II.   <u>LAW AND DISCUSSION</u>

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7. "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). However, "the Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7 (citing *Anderson*, 477 U.S. at 249).

Plaintiffs contend that, pursuant to 21 GCA § 4203, Mendiola's titles or claims to the fourteen lots passed by operation of law to Plaintiffs. Under 21 GCA § 4203, "[w]here a person

ORIGINAL

purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee, or his successors."

Here, it is undisputed that Cyfred purported to grant the Plaintiffs title in fee simple to the fourteen lots, pursuant to the 2012 Reconfirmed Settlement Agreement and the 2013 Second Amended Escrow Instructions. It is also undisputed that, on April 22, 2014, Mendiola executed a Quitclaim Deed that transferred all her claimed rights, titles and interests in the fourteen lots to Cyfred. Moreover, the Court's March 13, 2020 Decision and Order confirmed that Mendiola retained no claim or interest in the fourteen lots.

Based on the foregoing, the Court finds there is no genuine issue of material fact that Cyfred purported to grant the Plaintiffs title in fee simple to the fourteen lots. Moreover, the Court finds there is no genuine issue of material fact that, when Cyfred subsequently acquired the title to the lots in 2014, the titles passed by operation of law to the Homeowners. *See* 21 GCA § 4203. As the elements of section 4203 have been satisfied by these undisputed facts, Plaintiffs are entitled to the remedy of quiet title.

## III.   CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment on their Ninth Count in their Fourth Amended Complaint against Cyfred is GRANTED as title to the fourteen lots passed by operation of law to the Homeowners. Accordingly, the Court holds that Cyfred has no claim or interest in any of the fourteen lots.

SO ORDERED this 20th day of August 2021.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**


ORIGINAL

SERVICE VIA E-...
I acknowledge that an ele
copy of the original was e-mailed

W. Wong
Curti's, S Mendiola

Date:_____ Time: 8/20/21
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong, Law Offices of Wayson Wong, APC, for Plaintiffs
Curtis C. Van de veld, The Van de veld Law Offices, P.C., for Cyfred, Ltd. and Leonard Francis
        Gill
Stephanie Mendiola, Esq., self-represented